## Whittaker et al., Appellants, *v.* Towkanecs.

*Judgments—Bond and mortgage—Confession of judgment—Opening.*

On a petition to open a judgment, confessed under a warrant of attorney contained in a bond accompanying a mortage, it appeared that the mortgagee had assigned the bond and mortgage to the use-plaintiffs; that the payments were in arrears and that judgment had been confessed on the bond. The defendants presented a petition to open the judgment, averring that the mortgage and bond had been given to secure the balance of purchase money upon real estate; that defendants had no notice that the plaintiff had assigned the bond and mortgage to the use-plaintiffs, and that before receiving such notice the defendants had paid to the authorized agent of the original mortgagee very considerable payments on account of the principal of the debt.

The plaintiffs filed an answer denying that the person who received the money was the authorized agent of the mortgagee or the use-plaintiffs. On depositions in support of the rule evidence was produced by the defendants that they had paid to the agent in the presence of the orginal mortgagee the sum of $500.00 on account the debt secured by the bond and that the mortgagee had approved the payment.

*Held*, that as to these particular payments the evidence produced by the defendants was sufficient to warrant a finding that the agent was authorized by the mortgagee to receive the payment, and that the latter would be estopped from denying the authority of the agent. The case was for the jury and the court committed no abuse of discretion in opening the judgment.

Argued March 2, 1925.  Appeal No. 13, February T., 1925, by plaintiffs from order of C. P. Luzerne County, January T., 1923, No. 243, in the case of Thomas J. Whittaker to the use of Peter Leshefka and Julia Leshefka, Peter Leshefka and Julia Leshefka, v. John Towkanecs and Mary Towkanecs.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Rule to open judgment.  Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.  Plaintiffs appealed.

*Error assigned* was the decree of the court.

*John H. Bigelow,* for appellant.

*Thomas F. Farrell,* and with him *James P. Costello* and *James P. Costello, Jr.,* for appellees.

OPINION BY PORTER, J., July 9, 1925:

Judgment was confessed against the defendants, under a warrant of attorney contained in the bond, which accompanied a mortgage, for $2,800.  Whittaker was the mortgagee and the obligee in the bond, which were executed the 4th day of October, 1919.  Whittaker, on December 4, 1919, assigned the bond and mortgage to the use-plaintiffs.  Judgment on the bond was confessed on December 18, 1922.  The defendants, on December 28, 1923, presented a petition to open the judgment, averring that the mortgage and bond had been given to secure the balance of purchase money upon real estate which they had bought from Harry M. Beach; that defendants had no notice that Whittaker had assigned the bond and mortgage to the use-plaintiffs until October 5, 1922; that before receiving

said notice the defendants had made to Harry M. Beach, who in receiving said payments was acting as the authorized agent of said Whittaker, original mortgagee, payments on account of the principal of said debt, amounting to $1,770. The court granted a rule to show cause why the judgment should not be opened. The plaintiffs filed an answer denying that Harry M. Beach had, in receiving said payments, acted as the authorized agent of said Whittaker or of the use-plaintiffs. Depositions were taken by the respective parties and the court after a hearing made absolute the rule to open the judgment, from which order we have this appeal by the plaintiffs.

There was a conflict of evidence as to whether these defendants had ever been notified of the assignment of the bond, by Whittaker, to the use-plaintiffs. That was a question of fact in the determination of which the court below was invested with discretion, and found that the question should be passed upon by a jury. Whittaker was the original mortgagee. If the defendants paid money to his authorized agent, without any notice that the bond and mortgage had been assigned, that would have been a discharge of the debt in the amount of the payment. Had Whittaker or the use-plaintiffs pursued the usual course of securing from the defendants a written statement that they had no defense to the bond or mortgage, they would have avoided this litigation. The evidence produced by the defendants would have warranted a finding that they had on December 1, 1919, before Whittaker had assigned the bond and mortgage, paid to Beach in the presence of Whittaker, $500 on account of the debt secured by the bond; that Beach had entered a receipt for this amount in a book which they had for that purpose and that Whittaker had taken the book, looked at it "and said it was all right." If the payment was thus made, in the presence of Whittaker and by him

approved, he would be estopped from denying the authority of Beach to receive it.  As to this particular payment, the evidence produced by the defendants was sufficient to warrant a finding that Beach was authorized by Whittaker to receive the payment.  In view of this testimony we cannot say that the court below abused its discretion in opening the judgment.  The evidence as to the authority of Beach to receive other payments for Whittaker was less satisfactory, and a question as to its sufficiency may arise upon the trial.

The order is affirmed and the appeal dismissed.